UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

FIRST MORTGAGE FUND, INC.,                  Chapter 7
                                                     Case No. 11-44879-MBM
          Debtor.                             Hon. Marci B. McIvor
_____/

**TRUSTEE'S MOTION TO SELL INTEREST IN LAND CONTRACTS,
REAL PROPERTY, AND MORTGAGES PURSUANT TO 11 U.S.C. § 363(b)**

### Jurisdiction

1. This motion is brought under 11 U.S.C. §§ 363 and 331 and Fed.R.Bankr. P. 6004(a).

2. This is a core proceeding over which this court has jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(N) and 1334.

### Background

3. The above bankruptcy case was filed on February 25, 2011. Mark H. Shapiro is the Chapter 7 Trustee of the Debtor's bankruptcy estate.

4. The Debtor is the owner, mortgagee, or land contract vendor of numerous properties in Detroit and its surrounding suburbs.

5. The Trustee employed Scruffy Homes, L.L.C. d/b/a Premier Realty R.E.O. as broker to market and sell, or otherwise compromise, the estate's interest in the properties based on a 6% commission, but in no event shall the commission be less than $2,000.

6. Through the efforts of Scruffy Homes, LLC, the Trustee has received an offer from Eugene Moore to purchase the estate's interest in the following assets for $245,000:

| Mortgage loans secured by: | Land Contracts and real property located at: |
|---|---|
| 3600 Helen, Detroit, MI;<br>8325 Dickert, Commerce Twp., MI; and<br>9986 Sedlock, White Lake, MI | 4730 S. Duck Lake, Commerce Twp., MI; and<br>3354 Cummings, Royal Oak, MI |

(the "Assets").

7. The following entities may claim interests in the Assets:

| Greater Mount Carmel Baptist Church | Wisam and Samar Sattam | Jodi Siegel |
|---|---|---|
| Jose Perez-Galdamez | Angelita Coronado | |

8. The Trustee has accepted the offer subject to further competitive bidding and bankruptcy court approval. A copy of the Purchase Agreement is attached as Exhibit "A".

## Request for Authority to Sell Property

9. The Trustee proposes to sell the estate's interest in the Assets—subject to existing liens, claims and encumbrances— for at least $245,000, pursuant to 11 U.S.C. § 363(b).

10. The Trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b).

11. The Assets will be sold "as is" and "where is" without representation or warranties, whether expressed or implied, including, but not limited to, any warranties of merchantability, fitness for a particular purpose or habitability.

## Additional Sale Terms

12. An auction sale of the Assets is set for June 30, 2011 at the Trustee's office.

13. On or before June 28, 2011, persons wishing to submit competing bids on terms at least as favorable as those stated in the attached Purchase Agreement must provide the Trustee with a cashier's check or money order deposit in the amount of at least $20,000. The successful bidder's deposit will be non-refundable and applied toward the purchase price. Interested bidders must also provide evidence of an ability to close a cash sale or evidence of pre-approved mortgage financing. The Trustee will maintain sole discretion to determine if interested bidders are qualified to bid based on their ability to close.

14. Competing bids will begin at $250,000 and continue in increments of at least $2,000.

15. If no other deposits are received by June 28, 2011, then no auction will occur, and the Trustee will close the sale based on the current offer.

16. The Trustee also seeks authority to pay the broker's commission, based on 6% percent of the gross sale price, from the sale proceeds.

## Request for Relief

The Trustee requests that this court enter an order approving the proposed sale and granting such further relief as this court deems appropriate.

STEINBERG SHAPIRO & CLARK

/s/ Tracy M. Clark (P60262)
Attorney for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: June 8, 2011

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

FIRST MORTGAGE FUND, INC.,　　　　　　　　　　Chapter 7
　　　　　　　　　　　　　　　　　　　　　　　　Case No. 11-44879-MBM
　　　　Debtor.　　　　　　　　　　　　　　　　Hon. Marci B. McIvor
_____/

**ORDER APPROVING SALE OF LAND CONTRACTS, REAL
PROPERTY, AND MORTGAGES PURSUANT TO 11 U.S.C. § 363(b)**

The Chapter 7 Trustee filed a motion to sell the estate's interest in the following assets:

| Mortgage loans secured by: | Land Contracts and real property located at: |
|---|---|
| 3600 Helen, Detroit, MI; 8325 Dickert, Commerce Twp., MI; and 9986 Sedlock, White Lake, MI | 4730 S. Duck Lake, Commerce Twp., MI; and 3354 Cummings, Royal Oak, MI |

the ("Assets"). All parties in interest were served with notice of the motion, and no objections were timely filed. The court finds good cause to enter this order.

IT IS ORDERED as follows:

A. The Trustee's motion is granted in its entirety.

B. The proposed sale of the Assets on the terms stated in the Purchase Agreement attached to the Trustee's motion and incorporated in this order for at least $245,000 is approved.

C. An auction sale of the Assets is set for June 30, 2011 at the Trustee's office located at 25925 Telegraph Rd., Suite 203, Southfield, Michigan 48033.

D. On or before June 28, 2011, persons wishing to submit competing bids on terms at least as favorable as those stated in the purchase agreement attached to the Trustee's motion must provide the Trustee with a cashier's check or money order deposit in the amount of at least $20,000. The

successful bidder's deposit will be non-refundable and applied toward the purchase price. Interested bidders must also provide evidence of an ability to close a cash sale or evidence of pre-approved mortgage financing. The Trustee will maintain sole discretion to determine if interested bidders are qualified to bid based on their ability to close.

E. Competing bids will begin at $5,000 and continue in increments of at least $2,000.

F. If no other deposits are received by June 28, 2011, then no auction will occur, and the Trustee will consummate the sale with Eugene Moore. The successful purchaser shall provide the Trustee with the full purchase price on or before July 8, 2011. If payment is not made at that time, the Trustee may, at his discretion, consummate the sale with the next highest bidder that is willing to purchase at that time.

G. The Assets shall be sold subject to liens, claims, and encumbrances. The sale is "AS IS, WHERE IS," without representation or warranty, expressed or implied, of any kind, nature or description, including, without limitation, any warranty of title or of merchantability, usability, or of fitness for any particular purpose or habitability.

H. The Trustee may execute such documents and agreements and perform such acts as may be necessary and appropriate to implement, effectuate, and consummate the sale.

I. All federal, state, and local governmental agencies and departments are ordered and directed to accept all filings necessary and appropriate to consummate the transactions contemplated by this order.

J. The fourteen day stay provided for in Bankruptcy Rule 6004(h) shall not be in effect with respect to the sale, and this order is effective and enforceable immediately upon entry.

K. Eugene Moore is deemed a good faith purchaser for purposes of 11 U.S.C. § 363(m).

L. The broker's commission is approved based on 6% percent of the gross sale price.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| FIRST MORTGAGE FUND, INC.<br>PO Box 2832<br>Farmington, MI 48333<br>xx-xxx7627 | Chapter 7<br>Case No. 11-44879-MBM<br>Hon. Marci B. McIvor |

Debtor.

_____/

**NOTICE OF TRUSTEE'S MOTION FOR ORDER
APPROVING SALE OF LAND CONTRACTS, REAL
PROPERTY, AND MORTGAGES PURSUANT TO 11 U.S.C. § 363(b)**

Chapter 7 Trustee, Mark H. Shapiro, intends to sell the estate's interest in the following assets for at least $245,000:

| Mortgage loans secured by:<br><br>3600 Helen, Detroit, MI;<br>8325 Dickert, Commerce Twp., MI; and<br>9986 Sedlock, White Lake, MI | Land Contracts and real property located at:<br><br>4730 S. Duck Lake, Commerce Twp., MI; and<br>3354 Cummings, Royal Oak, MI |
|---|---|

A copy of the Purchase Agreement is attached to the Trustee's motion. The Trustee believes that a sale of the Assets for at least $245,000 is in the best interest of the estate and its creditors. The sale will be subject to the terms and conditions of the Trustee's motion and will be subject to all liens, claims, and interests. The sale will be made as is, without any representation or warranties, whether express or implied, including but not limited to any warranty of merchantability, habitability, or fitness for a particular purpose. The Trustee also seeks authority to pay the broker's commission based on 6% of the gross sale proceeds.

<u>Date of proposed auction:</u>
June 30, 2011 at 11:00 a.m.

<u>Location of auction sale:</u>
Offices of Steinberg Shapiro & Clark
25925 Telegraph Rd., Suite 203
Southfield, MI 48033

<u>Terms of sale:</u> On or before June 28, 2011, prospective bidders must provide the Trustee a cashier's check or money order deposit in the amount of at least $20,000; and adequate documentation to show an ability to fund the sale. Competing bids will begin at $250,000 and continue in increments of at least $2,000. The successful purchaser's deposit will be non-

refundable and applied toward the purchase price. Immediately following the sale, the successful purchase shall execute a purchase agreement substantially identical to that attached to the Trustee's motion; A closing will be scheduled following the completion of the sale. Other terms and conditions may be obtained by contacting Tracy M. Clark, attorney for Trustee, at 25925 Telegraph Rd., Suite 203, Southfield, Michigan 48033, at (248) 352-4700.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to approve the motion, or if you want the court to consider your views on the motion, then within 14 days from the date of service of this notice, you or your attorney must file with the court a written objection or request for hearing[1] at the address noted below.

> United States Bankruptcy Court
> 211 W Fort St., Suite 2100
> Detroit, Michigan 48226

If you mail your objection or request for hearing to the court for filing, you must mail it early enough so the court will **receive** it before the 14 day period expires.

You must also mail a copy to:

> Tracy M. Clark, Esq.
> Steinberg Shapiro & Clark
> 25925 Telegraph Rd., Suite 203
> Southfield, MI 48033

If an objection or request for hearing is timely filed, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing. If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

STEINBERG SHAPIRO & CLARK

/s/ Tracy M. Clark (P60262)
Attorney for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: June 8, 2011

---

[1]Objections and requests for hearing must comply with F.R. Civ.P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

FIRST MORTGAGE FUND, INC.,      Chapter 7
                  Case No. 11-44879-MBM
  Debtor.            Hon. Marci B. McIvor
_____/

## CERTIFICATE OF SERVICE

I certify that on June 8, 2011, I served copies as follows:

| | |
|---|---|
| Documents Served: | Trustee's Motion to Sell Interest in Land Contracts, Real Property, and Mortgages Pursuant to 11 U.S.C. § 363(b); Notice; Certificate of Service |
| Served Upon: | Eugene Moore<br>c/o Floyd Black, RE/MAX Vision<br>26075 Woodward Ave., Suite 300<br>Huntington Woods, MI 48070-1336<br><br>Greater Mount Carmel Baptist Church<br>3600 Helen<br>Detroit, MI 48207-2534<br><br>Wisam and Samar Sattam<br>8325 Dickert<br>Commerce Twp., MI 48382-4515<br><br>Angelita Coronado<br>3354 Cummings<br>Royal Oak, MI 48073-6500<br><br>Jodi Siegel<br>9986 Sedlock<br>White Lake, MI 48386-2865<br><br>Jose Perez-Galdamez<br>4730 S. Duck Lake Rd.<br>Commerce Twp., MI 48382 |
| Document Served: | Notice of Trustee's Motion to Sell Interest in Land Contracts, Real Property, and Mortgages Pursuant to 11 U.S.C. § 363(b) |
| Served Upon: | All creditors listed on the attached Official Court Matrix |
| Method of Service: | First Class Mail |

/s/ Christine T. Leach, Legal Assistant
Steinberg Shapiro & Clark
Attorneys for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
cleach@steinbergshapiro.com

```
Label Matrix for local noticing          Alexander & Hornung, Inc.               Aubrey Living Trust
0645-2                                   Union Workers Pension Plan              Dated 09/14/04
Case 11-44879-mbm                        20643 Stephens Road                     7384 Radcliff Drive
Eastern District of Michigan             St. Clair Shore, MI 48080-1047          West Bloomfield, MI 48322-3535
Detroit
Wed Jun  8 13:29:10 EDT 2011

Barbara Diane Craig                      Barbara Kendall                         Jeffrey H. Bigelman
Living Trust                             18731 Bainbridge                        Osipov Bigelman, P.C.
21640 River Ridge Trail                  Southfield, MI 48076-5313               20700 Civic Center Drive., Ste. 310
Farmington Hill, MI 48335-4621                                                   Southfield, MI 48076-4155


Brenda F. Garner                         Catherine J. Dumke Trustee of the       Catherine J. Dumke, Trustee
10820 Andrews                            Catherine J. Dumke Revocable Trust      Catherine J. Dumke Revocable Trust
Allen Park, MI 48101-1102                20081 E. Ballantyne Court               20081 E. Ballantyne Court
                                         Grosse Pt Farms, MI 48236-2426          Grosse Pte Wood, MI 48236-2426


City of Detroit Finance Dept             Tracy M. Clark                          Community National Bank CUST
Coleman A Young Municipal Center         25925 Telegraph Rd.                     FBO Arvin J. Pearlman, IRA
2 Woodward Ave                           Suite 203                               26501 Hendrie
Room 120                                 Southfield, MI 48033-2527               Huntington Wood, MI 48070-1342
Detroit, MI 48226-3573

Community National Bank CUST             Community National Bank CUST            Community National Bank CUST
FBO Brenda F. Garner, IRA                FBO Catherine J. Dumke, IRA             FBO Charles A. Cuddington, IRA
10820 Andrews                            20081 E. Ballantyne Court               44828 Utica Road
Allen Park, MI 48101-1102                Grosse Pte Wood, MI 48236-2426          Utica, MI 48317-5472


Community National Bank CUST             Community National Bank CUST            Community National Bank CUST
FBO Frederick A. Otto, IRA               FBO Harlan E. Bloomquist, IRA           FBO Jean E. Musinski, IRA
795 Fairway Drive                        3033 W. Village                         6220 Glen Valley Tr Unit 3C
Gaylord, MI 49735-9386                   Port Huron, MI 48060-1403               Frederick, MD 21701-7801


Community National Bank CUST             Community National Bank CUST            Community National Bank CUST
FBO Jeremiah B. Gillette, IRA            FBO Lawrence M. Garner, IRA             FBO Louise M. Maniere, I.R.A.
30345 Oakview Way                        10820 Andrews                           51607 Kachina Lane
Bingham Farms, MI 48025-4629             Allen Park, MI 48101-1102               Macomb, MI 48042-4254


Community National Bank CUST             Community National Bank CUST            Community National Bank CUST
FBO Louise Parker, IRA                   FBO Mary P. Mies IRA                    FBO Michael Chakan IRA
8030 Flagstaff St.                       785 Deer Court                          318 Easton Drive
Commerce Twp., MI 48382-2329             Plymouth, MI 48170-1743                 Lakeland, FL 33803-2938


Community National Bank CUST             Community National Bank CUST            Community National Bank CUST
FBO Michael Pianin, IRA                  FBO Michael T. Stacey, IRA              FBO Mr. James Maniere, IRA
24350 N. Whispering Ridge Unit 33        P.O. Box 2328                           51607 Kachina Lane
Scottsdale, AZ 85255-5732                Farmington Hls., MI 48333               Macomb, MI 48042-4254


Community National Bank CUST             Community National Bank CUST            Community National Bank CUST
FBO Pamela J. Flick IRA                  FBO Robert A. Connelly                  FBO Sharon R. Singletree, IRA
9421 Huron Rapids Dr.                    40736 Brentwood Drive                   22885 Cranbrooke Road
Whitmore Lake, MI 48189-9383             Sterling Hgts, MI 48310-2212            Novi, MI 48375-4506
```

| | | |
|---|---|---|
| Community National Bank CUST<br>FBO Susan B. Morris, IRA<br>01841 M 66 South<br>East Jordan, MI 49727-9169 | Community National Bank CUST<br>FBO Terrence D. Kalley IRA<br>2657 Valleyview Drive<br>Troy, MI 48098-6201 | Community National Bank CUST<br>FBO Thomas W. McKay, IRA<br>49149 Village Point Drive<br>Shelby Township, MI 48315-3985 |
| Community National Bank CUST<br>FBO Wendy Duthie-Stacey, IRA<br>P.O. Box 9075<br>Farmington Hls., MI 48333-9075 | Community National Bank CUST<br>FBO William A. Morris, III, IRA<br>01841 M 66 South<br>East Jordan, MI 49727-9169 | Community National Bank CUST<br>FBO: Stuart J. Snider, IRA<br>615 Griswold, Suite 600<br>Detroit, MI 48226-3981 |
| Community National Bank CUST<br>FBO: Jack Schwarcz, IRA<br>26140 Raine<br>Oak Park, MI 48237-1024 | Community National Bank CUST<br>FBO: Rosemary Ballard IRA<br>6641 Andersonville Road<br>Clarkston, MI 48346-2701 | Community National Bank CUST<br>Otto Family Limited Partnership<br>795 Fairway Drive, Gaylord 49735-9386 |
| Community National Bank Cust<br>FBO: Ann Aubrey, IRA<br>7384 Radcliff Drive<br>West Bloomfield, MI 48322-3535 | Community National Bank Cust<br>FBO: Jacqueline Chastain IRA<br>P.O. Box 2832<br>Farmington Hill, MI 48333-2832 | Community National Bank Cust<br>FBO: Rex Aubrey, IRA<br>7384 Radcliff Drive<br>West Bloomfield, MI 48322-3535 |
| Community National Bank Cust<br>FBO: Richard E. Warren, IRA<br>2559 Kent Ridge Court<br>Bloomfield Hill, MI 48301-2277 | Community National Bank Cust<br>FBO: Richard E. Warren, ROTH IRA<br>2559 Kent Ridge Court<br>Bloomfield Hill, MI 48301-2277 | Community National Bank Cust Stuart J. Snide<br>615 Griswold, Ste 600<br>Detroit, MI 48226-3981 |
| Community National Bank Cust fbo Jack Schwar<br>26140 Raine<br>Oak Park, MI 48237-1024 | Community National Bank Cust.<br>FBO: Michelle L. Chakan, IRA<br>27153 Pembridge Lane<br>Farmington Hill, MI 48331-3670 | Community National Bank, Cust.<br>FBO: Sara B. Warren, IRA<br>2559 Kent Ridge Ct.<br>Bloomfield Hill, MI 48301-2277 |
| Courtney M. Tursi<br>1065 Vollmers St.<br>Commerce Twp., MI 48390-1039 | Dolores K. Renaud<br>1806 Portlock<br>Commerce Twp., MI 48382-3777 | Dominic Bonnano - Trust<br>852 Canterbury Road<br>Grosse Pte Wood, MI 48236-1253 |
| Doris Lucille Miller, Trustee<br>Under Agreement Dated 06/07/95<br>1514 Granger Road<br>Ann Arbor, MI 48104-4427 | Eastside Periodontal Associates<br>Defined Benefit Pension Plan<br>26140 Raine<br>Oak Park, MI 48237-1024 | Eastside Periodontics Defined Benefit Pensio<br>26140 Raine<br>Oak Park, MI 48237-1024 |
| Ellajo B. Thompson<br>2118 Lakepoint Drive<br>Knoxville, TN 37922-8405 | Estate of Howard Diamond<br>% Louisa Rucker<br>212 Mt. Pleasant Dr.<br>Locust Grove, VA 22508-5513 | F&D Employees'<br>Profit Sharing Plan<br>600 Ford Building<br>Detroit, MI 48226-3981 |
| First Mortgage Fund, Inc.<br>PO Box 2832<br>Farmington, MI 48333-2832 | First Mortgage Fund, Inc.<br>c/o Jeffrey H. Bigelman, Esq.<br>20700 Civic Center Dr., Ste. 310<br>Southfield, MI 48076-4155 | Martin L. Fried<br>4000 Town Center<br>Suite 1200<br>Southfield, MI 48075-1413 |

| | | |
|---|---|---|
| Gary W. Rogers<br>Susan R. Rogers<br>1370 Chesterfield Ave.<br>Birmingham, MI 48009-1073 | Genesee County Treasurer<br>1101 Beach Street<br>Flint, MI 48502-1428 | Geoffrey Davies<br>Revocable Living Trust<br>P.O. Box 1835<br>Royal Oak, MI 48068-1835 |
| George H. Uridge<br>Judith E. Uridge<br>25400 Harcourt Street<br>Farmington Hill, MI 48336-1226 | Grace E. Kiefer<br>c/o Kathy Osborne<br>6936 Buckley<br>Canton, MI 48187-1601 | HouseCare, LLC<br>17211 West 12 Mile<br>Southfield, MI 48076-2130 |
| Irving H. Baron and Betty Baron<br>Living Trust, Dated 05/12/10<br>31781 Bellvine Trail<br>Beverly Hills, MI 48025-3716 | Jack R. Lousma TTEE<br>Jack Lousma Retirement Plan U/A DTD<br>2722 Roseland<br>Ann Arbor, MI 48103-2137 | Jack R. Lousma and Gratia K. Lousma<br>Under Trust Dated 07/09/07<br>2722 Roseland<br>Ann Arbor, MI 48103-2137 |
| Jack Schwarcz<br>Defined Benefit Plan<br>26140 Raine<br>Oak Park, MI 48237-1024 | Jack Schwarcz Defined Benefit Pension Plan<br>26140 Raine<br>Oak Park, MI 48237-1024 | James C. Berger Trust<br>42425 JO-ED<br>Sterling Height, MI 48314-3038 |
| James L. Maniere<br>51607 Kachina Lane<br>Macomb, MI 48042-4254 | Jean E. Musinski<br>6220 Glen Valley Tr Unit 3C<br>Frederick, MD 21701-7801 | John Shamoun, Jr.<br>5498 Putnam Dr.<br>West Bloomfield, MI 48323-3718 |
| Joseph Erlich<br>Linda Erlich<br>2655 Northfield<br>White Lake, MI 48383-2131 | Joshua Christopher Dorsey<br>P.O. Box 251538<br>W. Bloomfield, MI 48325-1538 | Julia H. Hanba<br>6761 Kennesaw Road<br>Canton, MI 48187-1282 |
| Richardo I. Kilpatrick<br>903 N. Opdyke Rd.<br>Suite C<br>Auburn Hills, MI 48326-2693 | Kilpatrick and Associates, PC<br>On Behalf of Wayne County Treasurer<br>903 N. Opdyke Road, Suite C<br>Auburn Hills, MI 48326-2693 | Lawrence M. Garner<br>10820 Andrews<br>Allen Park, MI 48101-1102 |
| Louise M. Maniere<br>51607 Kachina Lane<br>Macomb, MI 48042-4254 | Macomb County Treasurer<br>One S. Main Street<br>Mt. Clemens, MI 48043-2306 | Macomb County Treasurer<br>FL 2<br>1 S Main St<br>Mt. Clemens, MI 48043-2352 |
| Marathon Limited Partnership<br>C/O E & T Co-Gen Ptr Ely Tama Pres<br>32783 Middlebelt Rd.<br>Farmington Hill, MI 48334-1726 | Margaret S. Snider<br>Trustee U/A/D 09/30/80<br>6760 W. Maple #6115<br>West Bloomfield, MI 48322-4910 | Margaret S. Snider, Trustee<br>6760 W.Maple, #6115<br>W. Bloomfield, MI 48322-4910 |
| Maria F. Ward<br>1838 Rosemont Road<br>Berkley, MI 48072-1846 | Marjorie A. Taylor<br>Trust Dated 02/21/91<br>21615 N 56th Drive<br>Glendale, AZ 85308-6226 | Mark W. Shatz<br>Rhonna S. Shatz<br>5453 Pond Bluff Court<br>West Bloomfield, MI 48323-2441 |

| | | |
|---|---|---|
| Marlene M. Calverley<br>4595 Valley View Pointe<br>Rochester, MI 48306-1745 | Maxine M. Chakan<br>21625 River Ridge Trail<br>Farmington Hill, MI 48335-4621 | McGeoch Charlotte W IRREV<br>T/A#2010240-1702300<br>4900 Tiederman Rd. 4th Fl NE<br>Brooklyn, OH 44144-2338 |
| Michael A. Calverley<br>4595 Valley View Pointe<br>Rochester, MI 48306-1745 | Michael Bocanegra<br>c/o Stuart M. Brody<br>161 North Clark St<br>Ste 3575<br>Chicago, IL 60601-3214 | Michael Chakan<br>318 Easton Dr.<br>Lakeland, FL 33803-2938 |
| Michael G. Benninger<br>1280 Palmer<br>Plymouth, MI 48170-2053 | Michelle L. Chakan<br>Revocable Living Trust<br>27153 Pembridge Lane<br>Farmington Hill, MI 48331-3670 | Morgan Noelle Stacey<br>2812 Duffers Lane<br>Commerce Twp., MI 48390-1731 |
| Mortgage Servicing Corporation<br>17211 West 12 MIle<br>Southfield, MI 48076-2130 | Nancy A. Diamond<br>212 Mt. Pleasant Dr.<br>Locust Grove, VA 22508-5513 | Oakland County Treasurer<br>1200 N Telegraph Rd<br>Bldg 12 E Dept #479<br>Pontiac, MI 48341-1032 |
| Otto Family Foundation<br>795 Fairway Court<br>Gaylord, MI 49735-9386 | Otto Family Limited Partnership<br>795 Fairway Drive<br>Gaylord, MI 49735-9386 | Phyllis Shatz<br>7310 Ashford Place, Apt. 303<br>Delray Beach, FL 33446-2528 |
| R & B Sales<br>852 Canterbury Road<br>Grosse Pte Wood, MI 48236-1253 | Reta M. Winter<br>3451 Stolzenfeld<br>Warren, MI 48091-4565 | Robert A. Bartlett<br>Living Trust<br>2435 Devon Lane<br>Birmingham, MI 48009-1514 |
| Robert C Meyer DO<br>Defined Benefit Pension Plan<br>P O Box 459<br>New Baltimore, MI 48047-0459 | Robert C. Meyer, D.O.<br>Defined Benefit Pension Plan<br>34764 Dequindre<br>Sterling Hgts., MI 48310-5279 | Mark H. Shapiro<br>25925 Telegraph Rd.<br>Suite 203<br>Southfield, MI 48033-2527 |
| Sharon Singletree<br>22885 Cranbrooke Drive<br>Novi, MI 48375-4506 | Sharron Chakan<br>Revocable Living Trust<br>13894 Elmbrook Drive<br>Shelby Twp., MI 48315-6060 | Shirley B. Karnow<br>29033 Lancaster Dr., Apt. #104<br>Southfield, MI 48034-1468 |
| SingleTree Works, Inc<br>17211 West 12 MIle<br>Southfield, MI 48076-2130 | Jill Kristen Smith<br>One S. Main, 8th Floor<br>Mt. Clemens, MI 48043-2306 | Stavenkan Fund, Inc.<br>17211 West 12 MIle<br>Southfield, MI 48076-2130 |
| Stuart Goldstein<br>Iris Goldstein<br>30600 Northwestern Highway-Ste #245<br>Farmington Hill, MI 48334-3171 | Stuart J. Snider, Esq<br>615 Griswold<br>Ste 600<br>Detroit, MI 48226-3981 | Stuart J. Snider, TEE<br>UAD 1/26/81<br>615 Griswold, Suite 600<br>Detroit, MI 48226-3981 |

Stuart J. Snider, Trustee
615 Griswold, Ste 600
Detroit, MI 48226-3981

Teresa Renaud
2812 Duffers Lane
Commerce Twp., MI 48390-1731

Teri L. Budny
424 Yerkes
Northville, MI 48167-1638

Victoria C. Kap
David E. Kap
20924 Bayside
St. Clair Shore, MI 48081-1115

WAYNE COUNTY TREASURER
400 MONROE, STE 520
DETROIT, MICHIGAN 48226-2942

Wayne County Treasurer
400 Monroe Street
5th Floor
Detroit, MI 48226-2984

West Bloomfield Township Treasurer
P.O. Box 250130
W. Bloomfield, MI 48325-0130

William A. III & Susan B. Morris
01841 M66 South
East Jordan, MI 49727-9169

William A. Morris, Jr.
3462 Lake George Road
Oakland Twp., MI 48363-2908

Yosi N. Heber
26180 Raine St.
Oak Park, MI 48237-1024


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Community National Bank CUST
FBO Pamela J. Flick IRA
9421 Huron Rapids Dr.
Whitmore, Lake, MI  48189-9383

(u)Mueller Mayville, PC

(d)Robert C. Meyer DO
Defined Benefit Pension Plan
P.O. Box 459
New Baltimore, MI 48047-0459

(u)Wayne County Treasurer

End of Label Matrix
Mailable recipients   129
Bypassed recipients     4
Total                 133

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

FIRST MORTGAGE FUND, INC.,          Chapter 7
                                            Case No. 11-44879-MBM
     Debtor.                          Hon. Marci B. McIvor
_____/

Exhibit List

| Exhibit | Description |
|---------|-------------|
| A | Purchase Agreement of Real Property |

# PURCHASE AGREEMENT

*the E.M on the paper on the*

MLS# _____

| LISTING BROKER | Dan J. Greene, Broker | SELLING BROKER | RE/MAX Vision |
|---|---|---|---|
| LISTING AGENT | Dan Greene | SELLING AGENT | Floyd Black |
| AGENT ID # ___ OFFICE ID ___ | | AGENT ID # ___ OFFICE ID ___ | |
| PHONE | 313-882-0555 | PHONE | 248-540-4400 |

1. **PROPERTY DESCRIPTION:** The undersigned Buyer hereby offers and agrees to purchase property located in Michigan, City/Township/Village of **See attached exhibit A** County of _____ Tax ID# _____
Legal description **see attached exhibit "A"**
Also commonly known as **See attached exhibit "A"** Zip _____
   Street Address
Property described above shall include all available sub surface and mineral rights, all fixtures, improvements and appurtenances now in or on property, including all built-in appliances/equipment, shelving, cabinets, all lighting fixtures, ceiling fans, attached carpeting, all window treatments and hardware, attached mirrors, telephone system and instruments designed for system, television antennae, satellite dishes (if owned) and complete rotor equipment, storm doors, storm windows, screens, awnings, garage door openers and transmitters, water softeners and security systems (if owned), mailboxes, fences, fireplace inserts, doors, screens, gas logs, grates, gas attachments and equipment, attached humidifiers, all landscaping, fuel in tanks, central vacuum and attachments, and ~~[struck through]~~

Seller shall provide a bill of sale for all including personal property at closing. Exclusions specified in listing contract that are NOT specifically excluded herein shall be included in this sale. _____

2. **PRICE:** Buyer agrees to pay the sum of **Two Hundred Forty-Five Thousand** Dollars *EM*
($ **245,000.00** ) in consideration for which Seller will provide ~~a warranty deed subject to existing building and use restrictions and easements and rights of way of record.~~ — *an assignment of the estates interest in the paper.*

3. **METHOD OF PAYMENT:** All money must be paid in U.S. funds by certified, cashiers or a licensed title company check acceptable to closing agent. Sale shall be completed by the following method: (Mark only the box that applies.)
   ☒ A. **CASH SALE.** *PURCHASE OF ~~FIVE~~ TWO LAND CONTRACTS AND THREE MORTGAGES*
   ☐ B. **CASH SALE WITH NEW MORTGAGE.** Agreement contingent upon Buyer securing a _____ mortgage, not contingent upon sale or closing of other assets, in the amount of $ _____ and paying $ _____ down plus mortgage costs, prepaid items, adjustments and flood insurance (if required) by lender. Buyer agrees to apply for such mortgage within _____ calendar days from final acceptance of this Agreement at Buyer's own expense. If a mortgage commitment conditioned only upon marketable title and satisfactory survey (if required) is not delivered to Listing Broker within _____ calendar days from date of Agreement, Listing Broker shall be notified immediately and Seller may declare Agreement void. Buyer further agrees that in connection with said application to lender, Buyer will promptly comply with lender's request for true and accurate information required to process loan application.
   ☐ C. **SALE TO EXISTING FINANCING, LAND CONTRACT OR PURCHASE MONEY MORTGAGE.** (See appropriate finance addendum attached and made a part hereof.)

4. **EARNEST MONEY:** Buyer is tendering with offer $ **20,000.00** in the form of a check. An additional $ **0.00** shall be deposited within **0** calendar days of final acceptance making total earnest monies on deposit $ **20,000.00** . All monies shall be deposited by Broker/escrow agent in accordance with rules and regulations of the State of Michigan and applied to purchase price at closing. Earnest monies shall be disbursed ONLY in accordance with either: (a.) the terms hereof; (b.) a fully executed mutual release; or (c.) upon order of appropriate authority. If offer made is not accepted by Seller, earnest monies shall be returned to Buyer.

5. **ACKNOWLEDGMENT OF EARNEST MONEY DEPOSIT:** Received by: **RE/MAX Vision**
   Company Name
   **Floyd Black** _____
   Agent                     Signature

6. **CLOSING:** Subject to all conditions herein, closing shall take place on **See item 38a**
at Listing Office or otherwise mutually agreed location.                     Date

7. **POSSESSION:** ~~Seller shall deliver possession to Buyer ☐ at closing or ☐ within ___ days after closing (closing to apply if no choice is made.) If possession is not delivered at closing, from and including day of closing, through date of vacating property, SELLER SHALL PAY the sum of $ ___ per day. Designated escrow agent shall retain from amount due Seller the sum of 1½ times daily fee, times total days for said occupancy. Designated escrow agent shall disburse occupancy fee due Buyer every 30 days, upon written request from Buyer. Seller shall be entitled to any unused portion of occupancy fee as determined by date property is vacated and keys surrendered to ☐ Buyer ☐ Listing Broker ☐ Selling Broker. Seller is legally~~

**E | M**
Buyer(s) Initials                     Page 1 of 4                     Seller(s) Initials

*instant forms*

This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract.

obligated to deliver possession as specified herein. If Seller FAILS to deliver possession as specified herein, Seller shall pay TWICE the daily occupancy fee per day and may be liable for cost of eviction, actual attorney fees, damages and other costs incurred by Buyer in obtaining possession and collecting any amount due. Brokers have no obligation, implied or otherwise, as to condition of premises or for seeing that premises are vacated on date specified.

8. **AVAILABILITY OF HOME PROTECTION PLANS:** Buyer and Seller acknowledge having been advised of availability of home protection plans.

9. **SEWER AND WATER CHARGES:** Seller agrees to pay for all sewer and water charges to date of ☒ CLOSING ☐ POSSESSION (possession will apply if no choice has been made.) Designated escrow agent shall retain from amount due Seller at closing $300.00, or more if needed for final water and sewer charges. After water and sewer bills are verified paid, any unused portion shall be returned to Seller.

10. **TITLE EVIDENCE AND SURVEY:** Seller agrees to order title insurance within fourteen (14) calendar days of acceptance of offer and to furnish Buyer a Commitment of Title Insurance to be issued without standard exceptions. Buyer to secure and pay for a survey, if required. After closing, a Policy of Title Insurance without standard exceptions will be issued in the amount of purchase price, bearing date of closing or later guaranteeing title in condition required for performance of Agreement. Title Commitment shall be "marked up" at closing insuring through date of recording.

11. **TITLE OBJECTIONS:** If objection to title is made, based upon written notice that title is not in marketable condition required for performance hereunder, Seller shall have 30 calendar days from date notified in writing of particular defects claimed, to either: (a.) remedy title; or (b.) obtain title insurance satisfactory to Buyer. Buyer agrees to complete sale within 10 calendar days of written notification or by date specified if later. If Seller is unable or unwilling to remedy title within time specified, Buyer will waive requirement in writing within 10 calendar days of written notification thereof, or Agreement may become null and void at Buyer's option.

12. **PROPERTY TAXES:** All property taxes due and payable on or before date of closing shall be paid by Seller. Current taxes shall be prorated and adjusted as of date of closing in accordance with due date of municipality or taxing unit(s) in which property is located. Buyer acknowledges that property taxes are subject to change. If taxes are not paid in advance, see addendum made a part hereof.

13. **ASSESSMENTS:** Seller shall discharge in full all public authority charges confirmed by said municipality or taxing unit(s) (special assessments, water, sewer, paving charges, etc.), which are currently due and payable. Buyer is responsible for other assessments including, but not limited to, capital and lateral charges (assessed, but value not yet determined) which are confirmed and become due and payable after closing.

14. **CONDOMINIUM/HOMEOWNERS ASSOCIATION ASSESSMENTS:** Current dues shall be prorated to date of closing. Any delinquent condominium/homeowner association dues/assessments/liens shall be paid by Seller at closing. Any and all dues/assessments/liens confirmed and becoming due and payable after closing will be paid by Buyer. (See Condominium Addendum made a part hereof if applicable)

15. **MAINTENANCE OF PROPERTY:** Seller is responsible to keep property in substantially the same condition as of date of Agreement. Seller is responsible to maintain grounds and keep all systems in working order until property is vacated and keys are surrendered by Seller except for conditions disclosed in Seller's Disclosure Statement or conditions discovered by Buyer as part of inspections. In the event property has been winterized, it shall be the obligation and expense of Seller to de-winterize property prior to closing. Seller agrees to leave property broom-clean and free of debris and personal property.

16. **RISK OF LOSS:** If loss or damage to property occurs before closing for any reason (including, but not limited to, fire, vandalism or acts of God) risk of loss shall be on Seller. If property is destroyed or substantially damaged before closing, at Buyer's option, this Agreement may become null and void, or Buyer may accept property and take assignment of insurance proceeds as available.

17. **DISCLAIMER OF BROKER(S):** Broker(s) and Salesperson(s) specifically disclaim responsibility for condition of property and/or for performance of Agreement by the parties. Parties acknowledge that they are not relying on any representation or warranties that may have been made other than those in writing.

18. **FINAL WALK-THROUGH PRIOR TO CLOSING:** Buyer reserves right to walk through property within 48 hours prior to closing to determine whether terms of Agreement have been met.

19. **ENTIRE AGREEMENT:** This Agreement constitutes the entire agreement between Buyer and Seller. No agreement shall be binding except those in writing and signed by all parties involved. Prior negotiations and verbal agreements will not be binding.

20. **SUCCESSORS AND ASSIGNS:** This Agreement shall bind executors, administrators, successors and assigns of the parties.

21. **FACSIMILE/ELECTRONIC AUTHORITY:** Parties agree that this offer, any counteroffer or acceptance, may be delivered by use of facsimile/electronic authority with signatures, and that initials and modifications shall be deemed valid and binding upon the parties as if original signatures.

22. **TIME IS OF THE ESSENCE:** Buyer and Seller understand that no extensions of time limits contained herein are expected or agreed to unless specified in writing and signed by both Buyer and Seller. Time is of the essence.

Buyer(s) Initials

Page 2 of 4

Seller(s) Initials

This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract. *Instanet forms*

23. **SELLER'S DISCLOSURE STATEMENT:** (Initial only one.)
   Buyer(s) Initials

   ~~A. With Disclosure:~~ ~~Buyer has, prior to writing this offer, received Seller's Disclosure Statement.~~

   ~~B. Without Disclosure:~~ ~~All Parties understand that Seller's Disclosure Statement was not available at time this offer was written. Seller shall provide Buyer with a Seller's Disclosure Statement with Seller's acceptance of this offer pursuant to Public Act 92 of 1993.~~

24. **DEFAULT:**

   **A. BUYER:** In the event Buyer fails to fulfill obligations set forth herein or fails to close this transaction by time and manner provided, Seller may elect to enforce terms herein, declare sale void, retain deposit (per Paragraph 4), ~~and/or seek available legal or equitable remedies.~~ and

   **B. SELLER:** In the event Seller fails to fulfill obligations set forth herein or fails to close this transaction by time and manner provided, Buyer may elect to enforce terms herein, declare sale void, be entitled to refund of deposit (per Paragraph 4), ~~and/or seek available legal or equitable remedies.~~ and

25. **FEES:** Buyer agrees to pay closing fees charged by lender and/or title company and a compliance/transaction fee of $ __0.00__ payable to Selling Broker at closing. Seller shall pay transfer fees and other costs required to convey title.

26. **TIME LIMIT:** Buyer is making this offer valid until __5:00__ ☐ AM ☒ PM on __See item #38b__ or until withdrawn in writing.

27. **COUNTEROFFER:** In the event Seller makes any written changes to terms and conditions herein, such changes, if initialed and Seller Acceptance executed, shall constitute a counteroffer by Seller to Buyer, which shall remain valid until _____ ☐ AM ☐ PM on _____ . Acceptance of counteroffer by Buyer occurs when Buyer initials each change, signs Buyer Acknowledgement of Acceptance (bottom line), and delivers notice to Seller by time stipulated above.

28. **ADDITIONAL DOCUMENTS ATTACHED:** The Seller's Disclosure Statement, Lead Based Paint Disclosure, Agency Relationship Disclosure, plus the following checked items are also attached hereto and made a part hereof.

   ☐ FHA/VA Addendum  ☐ Unplatted Land Addendum  ☐ Contingency Sales Agreement  ☐ Swimming Pool Addendum
   ☐ For Your Protection Get An Inspection  ☐ Private Road Addendum  ☐ Condominium Addendum  ☐ Additional (General) Conditions
   ☐ Well & Septic Addendum  ☐ Financing Addendum  ☐ Vacant Land Addendum  ☒ __Exhibit "A"__

29. **WELL AND SEPTIC SYSTEM INSPECTION:** See attached addendum made a part hereof, if applicable.

30. **INSPECTION CONTINGENCY:** Broker(s) recommend that Buyer conduct independent private inspection(s) of property at Buyer's expense. Due diligence may include, but is not limited to, any inspection(s) or research deemed necessary by Buyer, including: structural integrity, condition of mechanical systems, environmental status, health or safety conditions, surveys or infestation. To ensure intended use of premises it is recommended that Buyer research: square footage; building and use restrictions; easements; ordinances; regulations; school district; and/or property tax status. If Buyer **DOES NOT** notify Seller, in writing, within __0__ calendar days from date of final acceptance of Agreement that Buyer is dissatisfied with results of due diligence, Agreement shall be binding without regard to said inspection(s). If Buyer notifies Seller, in writing and within specified time, that, in Buyer's sole judgment, Buyer is dissatisfied with results of due diligence, Buyer shall do one, or a combination, of the following within the contingency period stated above.

   A. Present to Seller an amendment for mutual agreement that cites a list of repairs and/or conditions to be remedied.
   B. Present to Seller an amendment for mutual agreement with a credit to be applied against the purchase price, and/or a price reduction, in full satisfaction of inspection contingency.
   C. Present to Seller a Notice of Dissatisfaction with due diligence which shall render Agreement null and void, in which case Seller agrees to authorize Broker to return all earnest monies to Buyer.
   D. In the event Seller and Buyer are unable to reach an Agreement to Buyer's proposals made under A or B, Buyer shall either elect to proceed with transaction by waiving this contingency in writing, or declare Agreement void by election of C within 3 calendar days of receipt of Seller's written response to A or B above.

   Buyer: Does _____ Does Not __EM__ desire to have Property Inspection.

31. **MUNICIPAL INSPECTIONS:** If a municipal inspection and/or certification of premises are required by local ordinance, State or Federal law, or Buyer's lending institution, Seller agrees to pay for said inspections. Seller agrees to complete any and all repairs required by municipality, provided repairs not exceed $ __0.00__ . Buyer may assume additional costs or declare Agreement void.

EM
Buyer(s) Initials

Page 3 of 4

Seller(s) Initials

This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract. *instanet forms*

32. **LEAD-BASED PAINT DISCLOSURE/INSPECTION:** (For residential housing built prior to 1978)
    A. _____ Buyer acknowledges that prior to signing this Agreement, Buyer has received and reviewed a copy of the Lead-
       *Buyer Initials* Based Paint Seller's Form completed by the Seller on _____ the terms of which are
       incorporated herein by reference. *Date*
    B. _____ Buyer shall have a _____ day opportunity after date of Agreement to conduct an inspection of property for
       *Buyer Initials* presence of lead-based paint and/or lead-based hazards. (Federal regulations require a 10 day or other mutually
       agreed upon period of time.) If Buyer is not satisfied with results of this Inspection, upon notice of Buyer to Seller
       within this period, Agreement shall be terminated any deposit shall be refunded to Buyer.
    C. *EM* Buyer hereby waives an opportunity to conduct a risk assessment or Inspection for presence of lead-based paint
       *Buyer Initials* and/or lead-based paint hazards.

33. **LIABILITY OF BUYER FOR DAMAGE:** Buyer shall be solely responsible for any and all damage to property as a result of any and all inspection(s) of property authorized by or conducted by Buyer. Buyer shall pay for any and all necessary repairs to restore property to its condition prior to inspection(s) or shall reimburse Seller for actual cost of such restoration.

34. **BUYER ACCEPTANCE OF CONDITION:** If Buyer elects to close regardless of conditions disclosed in due diligence period, Buyer shall be deemed to have accepted property in its "AS IS" condition. Buyer hereby knowingly waives, releases and relinquishes any and all claims or causes of action against Brokers, their officers, directors, employees and/or their agents for condition of property.

35. ~~SHOWINGS: Seller agrees not to allow property to be shown after inspection contingency is removed or has expired.~~

36. **FOREIGN INVESTMENT IN REAL PROPERTY TAX ACT (FIRPTA):** If sale price of residence exceeds $300,000.00, parties to Agreement will be bound by FIRPTA requirements and must complete addendum for FIRPTA.

37. **LEGAL COUNSEL RECOMMENDATION:** BROKER(S) RECOMMEND(S) THAT ALL PARTIES TO THIS AGREEMENT RETAIN AN ATTORNEY TO PROTECT THEIR INTERESTS. *Paper EM*

38. **OTHER TERMS AND CONDITIONS:**
    a. Seller will grant Buyer a minimum of fifteen business days of due diligence to review all documents related to the sale of the ~~five land~~ contracts connected to the properties shown in Exhibit "A".
    b. Buyer will close this transaction within five calendar days after review of documents or whenever the Seller is ready, but no later than July 17, 2011.
    c. At closing, all taxes, water bills, closing costs but not commissions, will be paid by Buyer.
    d. This sale is contingent upon the Bankruptcy Court approval. Seller will pay a 6% commission to listing broker.
    e. Properties are being sold in their "AS IS" condition. (Paper)
    f. Items 7, 8, 9, 12, 13, 18 and 23 have been omitted from this Agreement.
    g. During the due diligence period (see item #a) Buyer's earnest money deposit is 100% refundable.
    h. See Exhibit "B"

**BUYER SIGNATURE AND ACKNOWLEDGMENT OF RECEIPT:** Buyer hereby makes this offer with terms and conditions contained herein.

WITNESS _____ BUYER _____
       Floyd Black                                   Eugene Moore, for

DATE   5-27-11                                 BUYER _____
                                                      an entity to be formed

**SELLER SIGNATURE:** Seller hereby agrees to terms and conditions contained herein. Seller acknowledges receipt of a copy of Agreement.

WITNESS _____ SELLER _____

DATE _____ SELLER _____

**BUYER ACKNOWLEDGMENT OF ACCEPTANCE:** Buyer by signing below acknowledges receipt of Seller's signed acceptance of Agreement or shall constitute a final acceptance of Seller's counteroffer.

WITNESS _____ BUYER _____
       Floyd Black                                   Eugene Moore, for

DATE _____ BUYER _____
                                                      an entity to be formed

**DISCLAIMER:** This form is provided as a service of the Metropolitan Consolidated Association of REALTORS® to its members. Those who use this form are expected to review both form and details of this particular transaction to ensure that each section of this form is appropriate for this transaction. The Metropolitan Consolidated Association of REALTORS® is not responsible for the use or misuse of this form, for misrepresentation or warranties made in connection with this form.

Page 4 of 4                                                                                         Revised 11-05-04
                                                                                                    *Instanet forms*
This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract.

11-44879-mbm    Doc 29    Filed 06/08/11    Entered 06/08/11 17:04:10    Page 18 of 20

ADDENDUM A

The undersigned Buyer hereby offers and agrees to purchase the following properties:

1). Lot 73, except a portion of Lot 73 taken for Mack Concord Neighborhood Betterment as disclosed in Recorders Court file 2427, Mills Sub #4, as recorded in Liber 28, Page 8 of Plats, WCR.
Commonly known as: 3600 Helen, Detroit, MI

    *Mortgage*

2). Lot 3, Aaron Glenn Acres, a Subdivision of part of the Northwest 1/4 of Section 7, Town 2 North, Range 8 East, Commerce Township, Oakland County, Michigan, recorded in Liber 171 of Plats, Pages 15 and 16 of Oakland County Records.
Commonly known as: 4730 S. Duck Lake, Commerce Township, MI

    *L|K*

3). Lot 9, Lakeside Subdivision, according to the recorded plat thereof, as recorded in Liber 11, Page 13 of Plats, Oakland County Records.
Commonly known as: 8325 Dickert, Commerce Township, MI

    *Mortgage*

4). Lot 248, Carleton Heights 1 Subdivision, according to the recorded plat thereof as recorded in Liber 21, Page 13, Oakland County Records.
Commonly known as: 9986 Sedlock, White Lake, MI

    *Mortgage*

5). T1N, R11E, SEC 7 Prairie Lawn Acres NO 3, Lot 389 1-3-05 PR 011 as recorded in Liber 37, Page 35, Oakland County Records.
Commonly known as: 3354 Cummings, Royal Oak, MI

    *L|K*

IN THE PRESENCE OF:

_____  _____
Witness                     Buyer
Dated: 5-27-11

                                                        _____
                                                        Buyer

_____  _____
Witness                     Seller                     _____
                                                        Seller

_____
Witness
Dated:

## ADDENDUM "B" TO PURCHASE AGREEMENT

A.  The sale is subject to approval of the United States Bankruptcy Court for the Eastern District of Michigan, and the receipt of higher and better offers received by the Trustee on or after the completion of a public sale, which will be scheduled approximately 22 days after the filing of pleadings seeking the approval of the sale. The Trustee will seek approval of the sale from the Bankruptcy Court.

B.  Seller agrees that any higher or better offers received at the public sale must be in an amount at least $5,000 greater than the amount of Buyer's initial offer. Upon receipt of a competing offer at least $5,000 greater than Buyer's initial offer, Seller, in his sole discretion, may solicit offers in whatever increments he determines to be reasonable.

C.  The sale is "as is, where is", without representations or warranties express or implied, of any kind, nature or description including, without limitation, warranties of merchantability, habitability, or fitness for any particular purpose.

F.  This Purchase Agreement shall not survive after closing.

Seller's initials: _____

Purchaser's initials: *EM*

F:\Data\Mark\CLIENTS\First Mortgage Fund Inc\Offers\Addendum PA.Moore.wpd